UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARRYL CARRINGTON,

                              Plaintiff,

-against-

THE UNITED STATES OF AMERICA and JOHN DOE,

                              Defendants.

22 Civ. 4499 (JHR)

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

---

WHEREAS, on or about June 1, 2022, Plaintiff Darryl Carrington ("Plaintiff") filed a complaint (the "Complaint") commencing the above-captioned action (the "Action") against defendants the United States of America ("the United States") and an unidentified federal law enforcement officer ("John Doe"), relating to an injury Plaintiff allegedly sustained on November 6, 2019;

WHEREAS, the Complaint asserted a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, against defendant the United States, and asserted a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the unidentified officer in his individual capacity (John Doe or the "Individual Defendant");[1]

WHEREAS, on September 9, 2022, the United States answered the first claim for relief in the Complaint (the "FTCA Claim");

---

[1] The Individual Defendant was not identified or served and has not appeared in this action. Accordingly, the United States does not have authority to represent him.

WHEREAS, Plaintiff has decided to voluntarily dismiss with prejudice all claims against the Individual Defendant, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and the United States consents to such dismissal; and

WHEREAS, Plaintiff and the United States have reached a settlement of the FTCA Claim;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and the United States that the above-captioned action shall be resolved as between them as follows:

1.  This Action is hereby dismissed as against all Defendants with prejudice, without costs, interest, attorneys' fees, or disbursements to any party.

2.  This Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order") is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States or any of its present or former departments, agencies, agents, officials or employees, nor any of the Defendants in this Action.   This Stipulation and Order is entered into by all parties thereto for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

3.  The United States agrees to pay to Plaintiff the sum of ninety-nine thousand nine hundred and ninety-nine dollars ($99,999.00) (the "Settlement Amount") in connection with the FTCA Claim.   As Plaintiff has agreed to voluntarily dismiss all other claims against all Defendants with prejudice and without payment, no portion of the Settlement Amount is attributable to any claim other than the FTCA Claim.   The Settlement Amount is inclusive of all costs or attorneys' fees of any kind, in accordance with 28 U.S.C. § 2678, and any and all liens and fees are to be satisfied by Plaintiff out of the Settlement Amount and not in addition thereto.

Pursuant to 28 U.S.C. § 2678, counsel for Plaintiff may not charge, demand, receive, or collect fees in excess of twenty-five percent (25%) of the Settlement Amount.

4. Plaintiff and his heirs, executors, administrators, or assigns agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, that they may have or hereafter acquire against the United States, or any of its present or former departments, agencies, agents, officials, or employees, including but not limited to all of the Defendants in this Action, on account of the events, circumstances or incidents giving rise to this Action and all claims incident thereto, including but not limited to, any such claims asserted by Plaintiff in the Complaint. Plaintiff hereby expressly releases and forever discharges the United States and any of its present or former departments, agencies, agents, officials, or employees, including but not limited to all of the Defendants in this Action, from any and all claims and liabilities arising directly or indirectly from the events, circumstances, or incidents giving rise to this lawsuit and all claims incident thereto, including but not limited to, any claims asserted by Plaintiff in the Complaint. Plaintiff and his heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States and any of its present or former departments, agencies, agents, officials, or employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States.

5. Plaintiff understands that taxes will not be withheld from the Settlement Amount. Plaintiff represents and warrants that he shall assume all responsibility for, and shall protect, indemnify, defend and hold harmless the United States, including its present or former

departments, agencies, agents, officials, and employees, including but not limited to all of the Defendants in this Action, from and against any and all claims that have been or could have been brought or raised in the Complaint, losses, liens, damages, liability, suits, actions, judgments, costs, penalties, and expenses resulting from any liability or claim of liability for any amounts assessed by or due to any federal, state, or local government or agency thereof, including, but not limited to, any liens of any kind (including but not limited to workers' compensation liens, medical liens, child support liens), and federal, state, and local taxes, if any, owed in connection with the payment of the Settlement Amount to Plaintiff.

6. Neither this Settlement Agreement nor any negotiations or proceedings in connection herewith constitute, nor shall be offered, received as, or deemed to be evidence of or an admission on the part of Defendants in the Complaint or any proceeding as to any issue of law or fact, including any liability or wrongdoing whatever, including liability for fees, expenses, or costs pursuant to any applicable federal statute, or as an indication that the government's position or conduct in the Complaint lacked substantial justification or otherwise was inappropriate. Except in an action alleging a breach of the terms of this Agreement, no warranty, representation, term, or provision of this Agreement may be offered or received in evidence or referred to in any civil, criminal, or administrative action against Defendants or against any federal agency.

7. This Stipulation and Order shall be binding upon and inure to the benefit of the parties and their principals, agents, representatives, heirs, successors, and assigns. The persons signing this Stipulation and Order warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation and Order and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation and Order.

8. The terms of this Stipulation and Order shall become effective upon entry of this Stipulation and Order by the Court. Payment of the Settlement Amount shall be made to Plaintiff only after execution by the parties and entry by the Court of this Stipulation and Order. If not approved and entered by the Court, this Stipulation shall be null and void, with no force or effect.

9. Payment of the Settlement Amount will be made by the United States by wire payable to Robert Rickner, as attorney for Plaintiff. Mr. Rickner agrees to distribute the settlement proceeds to Plaintiff.

10. All parties who have appeared in the Action understand and agree that this Stipulation and Order contains the entire agreement between them and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

11. It is contemplated that this Stipulation and Order may be executed (including, without limitation, by facsimile or electronically scanned signature) in several counterparts, with the same effect as if the parties had signed the same document. All such counterparts and signature pages, together, shall be deemed to be an original and constitute one document.

[REMAINDER OF PAGE LEFT BLANK]

Dated: November  16 , 2023
New York, New York

RICKNER PLLC
*Attorneys for Plaintiff*

By: _____/s/_____

STEPHANIE PANOUSIERIS
ROBERT HOWARD RICKNER
14 Wall Street, Suite 1603
New York, New York 10005
(212) 300-6506
stephanie@ricknerpllc.com

Dated: November  21 , 2023
New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the Defendants*

By: _____/s/_____

MARY ELLEN BRENNAN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2652
maryellen.brennan@usdoj.gov

Dated: November 16th, 2023
New York, New York

_____/s/_____
DARRYL CARRINGTON
*Plaintiff*

**SO ORDERED:**

_____
HONORABLE JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE

Dated: _____
New York, New York

6